UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STANLEY L. JOHNSON,            )
                               )
         Petitioner,           )
                               )
    v.                         )    No. 4:08-CV-1179-MLM
                               )
DON ROPER,                     )
                               )
         Respondent.           )

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as for failure to exhaust available state remedies.

### The petition

Petitioner, an inmate at the Potosi Correctional Center, seeks relief pursuant to 28 U.S.C. § 2254. Petitioner is challenging an ongoing state criminal proceeding, and he requests that "the charges pending be dropped" because he is being denied

access to the courts.

Upon review of the instant petition, the Court finds no indication that petitioner has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. Not only will petitioner have the opportunity to raise constitutional challenges in the context of his state criminal proceedings, and if necessary, subsequent appeal, but the State of Missouri provides habeas corpus relief for prisoners in its custody. <u>See</u> Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01. As such, petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that

petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant petition for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this 10th day of September 2008.

/s/ Jean C. Hamilton
_____
UNITED STATES DISTRICT JUDGE